UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ATHENA DIAGNOSTICS, INC., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil No. 4:09-cv-40201-FDS |
|  | ) | |
| AMBRY GENETICS CORPORATION, | ) | |
|  | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff Athena Diagnostics, Inc. ("Athena"), for its answer to the counterclaims of defendant Ambry Genetics Corporation ("Ambry"), alleges as follows:

**THE PARTIES**

1.  Athena admits on information and belief that Ambry is a corporation organized under the laws of the State of California with a place of business at 100 Columbia, Suite #200, Aliso Viejo, California 92656; and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the counterclaims and, therefore, denies them.

2.  Athena admits the allegations in paragraph 2 of the counterclaims.

**JURISDICTION AND VENUE**

3.  Athena admits the allegations in paragraph 3 of the counterclaims.

4.  Athena admits the allegations in paragraph 4 of the counterclaims.

5.  Athena admits the allegations in paragraph 5 of the counterclaims.

6.  Athena admits the allegations in paragraph 6 of the counterclaims.

## BACKGROUND

7. Athena admits that the U.S. Patent and Trademark Office issued U.S. Patent No. 6,187,533 (the "'533 Patent") on February 13, 2001; and otherwise refers to the '533 Patent for the contents thereof in response to the allegations in paragraph 7 of the counterclaims.

8. Athena admits that Ambry is a company that provides genetic testing services; and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the counterclaims and, therefore, denies them.

9. Athena admits that Ambry offers physicians and others DNA diagnostic testing services for diabetes and other pancreatic diseases, and for cystic fibrosis and other pulmonary diseases; and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the counterclaims and, therefore, denies them.

## THE CONTROVERSY

10. Athena admits the allegations in paragraph 10 of the counterclaims.

11. Athena admits the allegations in paragraph 11 of the counterclaims.

12. Athena admits the allegations in paragraph 12 of the counterclaims.

13. With respect to the allegations in paragraph 13 of the counterclaims, Athena admits that Ambry states that "Ambry denies all allegations of infringement of the '533 patent and reserves the right to assert invalidity of the '533 patent for failure to comply with one or more the conditions of patentability in the Patent Act, 35 U.S.C. § 100, *et seq.*, including but not limited to Sections, 101, 102, 103, and/or 112."

14. Athena admits there is an actual and immediate controversy between Athena and Ambry regarding whether Ambry has infringed the '533 Patent and whether the patent is valid; and otherwise denies the allegations of paragraph 14.

**FIRST CLAIM FOR RELIEF**
**(DECLARATION JUDGMENT OF NON-INFRINGEMENT OF THE '533 PATENT)**

15. Athena incorporates paragraphs 1-14 of this answer in response to the allegations in paragraph 15 of the counterclaims.

16. Athena denies the allegations in paragraph 16 of the counterclaims.

17. Athena denies the allegations in paragraph 17 of the counterclaims.

18. Athena denies the allegations in paragraph 18 of the counterclaims.

**SECOND CLAIM FOR RELIEF**
**(DECLARATION OF INVALIDITY OF THE '533 PATENT)**

19. Athena incorporates paragraphs 1-18 of this answer in response to paragraph 19 of the counterclaims.

20. Athena denies the allegations in paragraph 20 of the counterclaims.

WHEREFORE, Athena respectfully requests that this Court enter judgment on the counterclaims:

(a) Adjudging and declaring that the '533 Patent is valid and that Ambry is liable for infringement of the patent;

(b) Dismissing the counterclaims in their entirety with prejudice;

(c) Awarding Athena reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(d) Granting Athena such other and further relief as may be just and proper.

**JURY DEMAND**

Athena hereby demands a trial by jury on all claims, counterclaims and issues that are triable by jury.

ATHENA DIAGNOSTICS, INC.

By its attorneys,

    /s/ Deirdre E. Sanders
David J. Brody (BBO No. 058200)
david.brody@hbsr.com
Deirdre E. Sanders (BBO No. 630404)
deirdre.sanders@hbsr.com
Christine M. Wise (BBO No. 657324)
christine.wise@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone: (978) 341-0036

Dated: January 22, 2010           Facsimile: (978) 341-0136

**CERTIFICATE OF SERVICE**

    I, Deirdre E. Sanders, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2010.

    /s/ Deirdre E. Sanders
        Deirdre E. Sanders